UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANELLE M. PIERSON,

    Plaintiff,

v.                                      Case No:   6:16-cv-2162-Orl-PGB-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Before the Undersigned is the Complaint filed on December 16, 2016. (Doc. 1). Plaintiff Janelle Marie Pierson seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's claim for a period of disability, disability insurance benefits, and supplemental security income. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum in support of their positions. For the reasons set out herein, the Undersigned respectfully recommends that the decision of the Commissioner be **AFFIRMED**.

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B.    Procedural History

On April 26, 2013, Plaintiff filed applications for disability insurance benefits and supplemental security income. (Tr. at 92, 93, 190-97). Plaintiff asserted an onset date of November 1, 2009. (*Id.* at 190, 196). Plaintiff later amended her onset date to January 1, 2013. (*Id.* at 41). Plaintiff's applications were denied initially on August 14, 2013 and on reconsideration on November 1, 2013. (*Id.* at 92, 93, 129, 130). A hearing was held before Administrative Law Judge ("ALJ") Joseph A. Rose on September 14, 2015. (*Id.* at 36-59). The ALJ issued an unfavorable decision on November 4, 2015. (*Id.* at 19-30). The ALJ found Plaintiff not to be under a disability from November 1, 2009, through the date of the decision. (*Id.* at 30).

On October 25, 2016, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-3). Plaintiff filed a Complaint in the United States District Court on December 16, 2016. (Doc. 1). This case is ripe for review.

### C.    Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after

2

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2014. (Tr. at 21). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 1, 2009, the alleged onset date. (*Id.* at 21). At step two, the ALJ determined that Plaintiff has the following severe impairments: a spine disorder and asthma. (*Id.* at 21). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (*Id.* at 25).

At step four, the ALJ found the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for a total of four hours in an eight-hour workday. She can sit for a total of four hours in an eight-hour workday. The claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, but never climb ladders, ropes, or scaffolds. She can only occasionally reach overhead. She should avoid concentrated exposure to extreme cold, pulmonary irritants, and unprotected heights (20 [C.F.R. §§] 404.1567(b) and 416.967(b)).

---

January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

(Tr. at 25).

The ALJ determined that Plaintiff has no past relevant work. (*Id.* at 28). Based on Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 29). Further, based on the vocational expert's testimony, the ALJ found that an individual with Plaintiff's age, education, work experience, and residual functional capacity could perform representative occupations, such as small parts assembler, DOT # 706.684-022, unskilled with an SVP of 2, light level of exertion; and electronics worker, DOT # 726.687-010, unskilled work with an SVP of 2, requiring a light level of exertion. (*Id.* at 29). The ALJ concluded that Plaintiff was not under a disability from November 1, 2009, through the date of the decision. (*Id.* at 30).

### D.     **Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and

even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II.   Analysis

On appeal, Plaintiff raises three issues. As stated by the parties, they are:

(1)   Whether the ALJ properly weighed the opinions of the claimant's treating physicians and the opinion of an examining consultative physician.

(2)   Whether the ALJ properly relied on the testimony of the Vocational Expert.

(3)   Whether substantial evidence supports the ALJ's finding that the claimant was "not entirely credible."

(Doc. 27 at 10, 23, 27). The Undersigned addresses each issue in turn.

### A.   Weight of Physicians' Opinions

Plaintiff argues that the ALJ failed to weigh the opinion of Plaintiff's treating physicians and discounted the opinion of an examining, consultative physician without adequate support and, thus, erred in determining Plaintiff's RFC. (Doc. 27 at 10). Specifically, Plaintiff argues that the ALJ did not indicate the weight he assigned to the treatment notes from Plaintiff's treating facility, the Grove Counseling Center, and from treating licensed mental health counselor, Ms. Wright. (*Id.* at 12, 15). Further, Plaintiff argues that the ALJ did not adequately explain his reasoning for failing to accept the opinion of examining, consultative physician, Dr. Loret de Mola-Roy, when assigning only partial weight to her opinion. (*Id.* at 16).

The Commissioner asserts that the ALJ fully discussed the treatment notes from Grove Counseling Center and, even in the event that these notes contained medical opinions, any error in not specifically assigning weight was harmless.  (*Id.* at 20-21).  The Commissioner also asserts that substantial evidence supports the ALJ's determination to give partial weight to Dr. Loret de Mola-Roy's opinion.

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (citations omitted).  The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011).  Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence."  *Id.* (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Additionally, the opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary.  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004).  The Eleventh Circuit has concluded that good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence

6

supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*[2]

Even though examining doctors' opinions are not entitled to deference, an ALJ is nonetheless required to consider every medical opinion. *Bennett v. Astrue*, No. 308-CV-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)). To evaluate a medical source, the same criteria are used whether the medical source is a treating or non-treating doctor, with the following elements to be considered: "(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of any treatment relationship; (3) supportability; (4) consistency with other medical evidence in the record; and (5) specialization." *Id.* (citations omitted).

The Undersigned addresses the issues as to Grove Counseling Center and Ms. Wright and then turns to the issues related to Dr. Loret de Mola-Roy.

### 1. Grove Counseling Center and Ms. Wright

Plaintiff argues that the ALJ did not indicate the weight he assigned to some of the records from Plaintiff's treating facility, the Grove Counseling Center, and specifically to the records of a licensed mental health counselor, Ms. Wright. (Doc. 27 at 12, 14). Plaintiff claims that the ALJ assigned "little weight" to the opinion from the Grove Counseling Center that Plaintiff was unable to work, but did not assign weight to other records from that facility. (*Id.* at

---

[2] After Plaintiff filed her application and the ALJ issued the decision, certain Social Security rulings and regulations were amended, including the regulations concerning the evaluation of medical opinions and evaluation of mental impairments. *See e.g.*, 20 C.F.R. §§ 404.1520a, 404.1520c and 404.1527 (effective March 27, 2017); SSR 16-3p, 2016 WL 1119029 (March 16, 2016). The Court applies the rules and regulations in effect at the time of the ALJ's decision. because the regulations do not specify otherwise. *See Green v. Soc. Sec. Admin., Comm'r*, 695 F. App'x 516, 521 (11th Cir. 2017).

15). Specifically, Plaintiff cites to records from the Grove Counseling Center that indicate that Plaintiff "had problems with depression and anxiety resulting in excessive sleep, worry, extreme sadness, and crying." (*Id.* at 15).

The Commissioner argues that Plaintiff fails to specify any medical opinions from the treatment notes. (*Id.* at 19). The Commissioner asserts that Plaintiff cites to her complaints and symptoms such as depression, anxiety, crying, and excessive sleep, but these symptoms are not medical opinions and, therefore, the ALJ was not required to assign weight to these statements. (*Id.*). The Commissioner also asserts that to the extent depression and anxiety are medical opinions, the ALJ accepted these opinion when finding Plaintiff had the medically determinable mental impairments of an affective disorder and an anxiety disorder. (*Id.*). Further, the Commissioner points out that a diagnosis alone does not establish functional limitations. (*Id.*). Finally, the Commissioner contends that even if the ALJ erred in failing to assign weight to the opinions from the Grove Counseling Center, the error was harmless because the ALJ fully discussed the treatment notes from this facility and found that they contradicted the medical opinions rendered by other providers. (*Id.* at 20).

The Undersigned finds that Plaintiff failed to demonstrate reversible error as it relates to the Grove Counseling Center's medical records. In the decision, the ALJ summarized the treatment notes from the Grove Counseling Center. (Tr. at 23, 26). The ALJ indicated that Plaintiff sought medication management and individual counseling for anxiety and depression at the Grove Counseling Center from February 2011 to October 2014. (*Id.* at 23). The ALJ noted that Plaintiff's mental status examinations were within normal limits in June, August, and September 2012 and Plaintiff was diagnosed with an anxiety disorder and a depressive disorder. (*Id.*). The ALJ explained:

> [T]he claimant was pleasant and cooperative with the examiners, her memory was intact, and she was fully oriented. In addition, other than in August 2013, her mood and affect were consistently normal (Exhibits 2F, 3F, 5F, and 11F-14F). There is also no evidence the claimant has required hospitalizations or emergency room treatment for symptoms related to a mental disorder since the alleged onset date. Further, Daniel C. Glennon, M.D., the claimant's treating physician at the Grove Counseling Center, noted in February 2011 that the claimant looked the best he has ever seen her. Her medical problems were probably at their best. She was more effective at handling situations (Exhibit 12F/32-33). Dr. Glennon also indicated in April 2011 that the claimant was overall doing well (Exhibit 12F/31). Dr. Glennon later noted in March 2013 and April 2013 that the claimant's medical condition was very stable with medications (Exhibit 12F/17-18).

(*Id.*). Based at least in part on these records, that ALJ found Plaintiff to have the medically determinable mental impairments of an affective disorder and an anxiety disorder, but did not find that they caused more than minimal limitations in plaintiff's ability to perform basic mental work activities. (*Id.* at 22). Thus, even if the ALJ did not specifically assign weight to all of the treatment notes, the ALJ considered Plaintiff's medical condition and record evidence from the Grove Counseling Center and considered Plaintiff's medical condition as a whole.

Moreover, even if the ALJ erred in failing to assign a specific weight to the opinions from medical providers at Grove Counseling Center, this error is harmless because Plaintiff failed to demonstrate that the opinions contain any specific functional limitations that are more restrictive than the RFC. *See Wright v. Barnhart,* 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (holding failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination).

The ALJ did assign little weight to one opinion by a treating medical provider at Grove Counseling Center to the effect that Plaintiff was unable to work. (*Id.* at 23). The ALJ properly found that the issue of whether a claimant is able to work is reserved to the Commissioner. (*Id.*). *See Coheley v. Soc. Sec. Admin.*, 707 F. App'x 656, 659 (11th Cir. 2017) ("[O]pinion that Claimant was 'unable to work' is entitled to no weight because that is an administrative

9

determination reserved to the Commissioner.") (citing 20 C.F.R. § 404.1527(d), 416.927(d)). Further, the ALJ explained that "[m]ore importantly, this opinion is inconsistent with the treatment records and findings on mental status examinations." (*Id.*). The Undersigned finds that substantial evidence supports the ALJ's decision to afford little weight to the opinion that Plaintiff is unable to work.

Plaintiff also argues that the ALJ erred in failing to weigh certain treatment notes indicating that Plaintiff had problems with depression and anxiety "resulting in excessive sleep, worry, extreme sadness, and crying." (Doc. 27 at 15). In support of this argument, Plaintiff cites to treatment notes from Talia Wright, HMHC dated December 12, 2013, May 16, 2014, July 10, 2014, and October 3, 2014. (*Id.*, Tr. at 495, 496, 498, 502, 503). These very brief treatment notes indicate that Plaintiff suffers from anxiety, depression and, according to Plaintiff's subjective reports, at times manifest as worry, excessive sleeping, extreme emotional difficulties, extreme sadness, and crying. (Tr. at 495, 496, 498, 502).

Even though Ms. Wright diagnosed Plaintiff with anxiety and depression, her treatment notes do not include any opinion as to functional limitations stemming from these diagnoses of what Plaintiff can still do despite her impairments. *See Hunter v. Comm'r of Soc. Sec.*, 609 F. App'x 555, 558 (11th Cir. 2015). Further, a "diagnosis [ ] is insufficient to establish that a condition cause[s] functional limitations." *Wood v. Astrue*, 2012 WL 834137, at *5 (M.D. Fla. Feb. 14, 2012) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005)). Moreover, the ALJ expressly relied on and gave great weight to the opinion of Minal Krishnamurthy, M.D., a State agency medical consultant who opined as to Plaintiff's work-related abilities in light of her existing medical conditions. (Tr. at 27); *Hunter*, 609 F. App'x at 558. Thus, even if the ALJ erred in failing to specify the weight afforded to Ms. Wright's opinion, this error is harmless

because Plaintiff failed to demonstrate that the opinion contains any specific functional limitations that are more restrictive than the RFC. *See Wright*, 153 F. App'x at 684 (11th Cir. 2005).

The Undersigned finds that the ALJ thoroughly considered the medical records from Grove Counseling Center and Ms. Wright when determining Plaintiff's RFC. To the extent that the ALJ erred by failing to state with particularity the weight assigned to these records, this error is harmless. The Undersigned further finds that substantial evidence supports the ALJ's decision concerning the consideration of the treatment records from Grove Counseling Center and Ms. Wright.

### 2. Dr. Loret de Mola-Roy

Plaintiff argues that the ALJ erred in not adequately explaining his reasoning for failing to accept the entire opinion of examining, consultative psychologist, Vivian A. Loret de Mola-Roy, Ph.D. dated August 11, 2013. (Doc. 27 at 16). Plaintiff claims that the ALJ assigned partial weight to Dr. Loret de Mola-Roy's opinion and specifically found Plaintiff had only mild restrictions in her activities of daily living even though Dr. Loret de Mola-Roy found Plaintiff to have moderate limitations. (*Id.*; Tr. at 361).

The Commissioner argues that the ALJ supported his decision to afford partial weight to Dr. Loret de Mola-Roy's determination that Plaintiff had moderate limitations in activities of daily living. (Doc. 27 at 22). The Commissioner contends that the ALJ explained that "moderate restrictions in activities of daily living was inconsistent with Plaintiff's reported activities and inconsistent with the treatment records (Tr. 23)." (*Id.*). Further, the Commissioner points out that Plaintiff's physical impairments may cause limitations in Plaintiff's activities of

11

daily living, but such limitations are "not an indication of restrictions based on her mental impairments." (*Id.*).

In her report, Dr. Loret de Mola-Roy based her findings as to Plaintiff's daily functioning on Plaintiff's subjective statements and clinical observation as follows. (*Id.* at 361). Plaintiff claimed that she is able to take care of her daily hygiene needs, but has difficulty due to her back pain. (*Id.* at 360). Plaintiff reported that she uses a shower chair and walker or wheelchair. (*Id.*). She also reported that she has a driver's license and is able to drive, but has difficulty due to trouble with her neck. (*Id.*). Dr. Loret de Mola-Roy noted that Plaintiff drove herself to the appointment. (*Id.*). Plaintiff stated that she lies in bed for most of the day. (*Id.*). She claimed she is able to use the stove and microwave, but is limited due difficulty standing. (*Id.*). Plaintiff also claimed she cannot do household chores and a friend shops for groceries for her. (*Id.*). Plaintiff reported that she is limited to walking from one room to the next before having pain and sitting down. (*Id.*).

Based on these subjective reports and her own observations, Dr. Loret de Mola-Roy determined that Plaintiff had moderate restrictions in activities of daily living. (*Id.* at 361). Dr. Loret de Mola-Roy found, "[c]laimant reported that she has trouble taking care of her daily hygiene needs; as well as of cooking and doing household chores due to her physical problems. This is based on claimant's report, as well as on clinical observation." (*Id.*).

The Undersigned finds that Plaintiff failed to demonstrate reversible error as it relates to the weight afforded Dr. Loret de Mola-Roy's opinion. The ALJ summarized Dr. Loret de Mola-Roy's opinion as follows. (*Id.* at 23-24, 27). The ALJ noted that on examination, Plaintiff's mood and affect were dysphoric; she admitted to suicidal thoughts; her speech was below average production; she was fully oriented; her speech was relevant, lucid, and goal-directed; she

12

exhibited appropriate eye contact; her thoughts processes were logical and coherent; her memory was intact; her judgment, insight, and abstract thinking were good; and there was no evidence of a thought disorder or any other psychotic process.  (*Id.* at 23).  The ALJ found, "Dr. Loret de Mola-Roy's opinions regarding the claimant's ability to manage her own funds and limitations with maintaining concentration, persistence, or pace are consistent with the repeated findings of intact memory and full orientation on mental status examinations (Exhibits 2F, 3F, 5F, and 11F)."  (Tr. at 23).  However, the ALJ found Plaintiff to have mild not moderate restrictions in activities of daily living and mild versus "none" as to difficulties maintaining social functioning based on Plaintiff's reported activities and treatment records.  (*Id.* at 23-24, 631).  The ALJ explained that Plaintiff needed assistance at times with bathing, dressing, and household chores, but she is able to prepare meals, shop, read, and watch television.  (*Id.* at 24).  The ALJ further noted that no treating source advised Plaintiff to stay home all day, lie down during the day, or restrict her activities of daily living in any way.  (*Id.* at 24).

      The ALJ cited to Plaintiff's Function Report – Adult dated May 30, 2013, when affording partial weight to Dr. Loret de Mola-Roy's opinion.  (*Id.* at 233-40).  In that Report, Plaintiff stated that she is able to prepare sandwiches or frozen meals that go in the microwave, shop for groceries, read, and watch television.  (*Id.* at 233-37).

      In addition, the ALJ relied on and gave great weight to the opinions of State agency psychological consultants, Charles Folkers, Ph.D. and James A. Brown, Ph.D.  (*Id.* at 24).  On August 13, 2013, Dr. Folkers completed a Report and determined that Plaintiff had mild restrictions in daily living within physical tolerances.  (Tr. at 67-69).  He found Plaintiff manages her personal care with minor assistance and accommodations for physical conditions.  (*Id.* at 68).  Dr. Folkers also found:

> [Plaintiff] helps take care of her daughter, may need reminders at times to groom, uses a chart to keep track of medication doses, prepares simple meals, does no household chores, does not go out unaccompanied or drive more than very short distances because of physical conditions, shops for groceries, and can pay bills. Limitations are primarily physical.

(*Id.* at 68).

On October 31, 2013, Dr. Brown also completed a Report. (*Id.* at 102-104). Dr. Brown found Plaintiff to have mild restrictions of activities of daily living with physical tolerances. (*Id.* at 103). Dr. Brown's assessment mirrors that of Dr. Folkers. (*Id.*).

The Undersigned finds that the ALJ did not err in affording partial weight to Dr. Loret de Mola-Roy's opinion that Plaintiff had moderate restrictions in activities of daily living. The ALJ supported this determination by citing to Plaintiff's own Report and by affording great weight to two (2) State agency consultants who determined that Plaintiff had only mild restrictions in activities of daily living. Thus, the Undersigned finds that substantial evidence supports the ALJ's decision as to the weight afforded Plaintiff's examining, consultative psychologist, as well as Plaintiff's treating physicians. Further, the Undersigned finds that substantial evidence supports the ALJ's RFC determination.

### B.    Vocational Expert's Testimony

Plaintiff argues that because the ALJ did not properly weigh the opinions of the treating physician and the examining, consultative psychologist when formulating Plaintiff's RFC, the ALJ did not pose a hypothetical to the vocational expert that reflects all of Plaintiff's limitations. (Doc. 27 at 24-25). The Commissioner contends that substantial evidence supports the ALJ's decision as to the weight to afford Plaintiff's treating physician and examining, consultative psychologist and, thus, substantial evidence supports the ALJ's RFC findings and the hypothetical presented to the vocational expert.

"At step five, the Commissioner must determine that significant numbers of jobs exist in the national economy that the claimant can perform". *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v)). An ALJ may use the Medical Vocational Guidelines or may obtain the testimony of a vocational expert to determine whether there are jobs that exist in the national economy that a claimant can perform. *Id*. If the ALJ decides to use a vocational expert, for the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id*. (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).

Here, the Undersigned determined, *supra*, that substantial evidence supports the ALJ's decision as to the weight the ALJ afforded records and opinions from the Grove Counseling Center, Ms. Wright, and Dr. Loret de Mola-Roy. The ALJ presented a hypothetical to the vocational expert that included all of the limitations the ALJ found in his RFC determination. Further, Plaintiff concedes that the ALJ "posed a hypothetical question to the vocational expert with the same limitations" as found in Plaintiff's RFC. (Doc. 27 at 24). Thus, the ALJ properly relied on the vocational expert's testimony. Accordingly, the Undersigned finds that the ALJ did not err in the hypothetical posed to the vocational expert or in relying on the vocational expert's testimony, and substantial evidence supports the ALJ's decision to rely on the vocational expert's testimony.

### C.     Credibility

Plaintiff argues that the ALJ erred in finding Plaintiff not entirely credible and used boilerplate language to support the credibility determination. (*Id.* at 27-28). The Commissioner

responds that the ALJ supported his credibility determination and this finding is supported by substantial evidence. (*Id.* at 28-29).

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)). If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225 (citations omitted). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

Here, the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible. (*Id.* at 26). After reviewing the medical evidence, the ALJ found:

> While the claimant reported severe limitations due to a spine disorder and asthma, the medical evidence viewed in its entirety fails to show a disabling level of impairment. Regarding her spine disorder, imaging of the lumbar and thoracic spine showed marked scoliosis and moderate degenerative changes (Exhibit 4F/15,

> 17, 18). Her gait varied from antalgic to normal on physical examinations (Exhibits 11F-14F). However, no focal disc abnormality or area of significant acquired stenosis was identified on imaging (Exhibit 4F/15). Additionally, her back was repeatedly non[-]tender, her motor strength was full, and her sensation was intact on physical examinations (Exhibits 1F, 6F, 8F, 9F, and 13F). There is also no evidence that the claimant has undergone hospitalizations, emergency room treatment, surgery, or prolonged physical therapy for her back pain since the alleged onset date.

(Tr. at 27).

The ALJ then discussed Plaintiff's asthma, finding no evidence of frequent exacerbations, hospitalizations, or emergency room visits for this impairment. (*Id.*). In addition, the ALJ noted that the medical reports reflect that Plaintiff's lungs were consistently clear to auscultation bilaterally. (*Id.*). The ALJ also noted that in September 2012 and May 2013, Plaintiff controlled her asthma with medication. (*Id.*). The ALJ determined that overall, the evidence does not support Plaintiff's allegations to the extent that Plaintiff would be precluded from all work activity. (*Id.*).

The ALJ also determined that a limitation to the light level of exertion with a sit/stand option and additional postural, manipulative, and environmental limitations would reasonably accommodate Plaintiff's symptoms. (*Id.*). The ALJ determined:

> It is reasonable to conclude that the claimant should have some limitations as a result of her impairments. However, considering the claimant's testimony, the medical treatment records, and the findings and opinions of physicians and psychological consultants, the claimant retains the ability to perform work activities consistent with the residual functional capacity determined in this decision.

(*Id.* at 28).

The Undersigned finds that the ALJ clearly articulated the reasons for his credibility finding and substantiated his findings with citations to the record. Based on this finding, the Undersigned concludes that the ALJ's decision as to credibility should not be disturbed on

review. *See Foote*, 67 F.3d at 1562. Accordingly, the Undersigned finds that the ALJ did not err in his credibility determination.

### III.     Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Undersigned finds that substantial evidence supports the ALJ's decision and the decision was decided upon proper legal standards.

**IT IS RESPECTFULLY RECOMMENDED:**

The decision of the Commissioner be **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g).

Respectfully recommended in Chambers in Ft. Myers, Florida on June 14, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties